# February Term

## III Geo. 3.

1763.

Ruddock
v.
Gordon.

Rec. 1763.
Fol. 22.

A Collec-
tor of Taxes
cannot main-
tain an Ac-
tion to recov-
er them where
the Remedy
given by Stat-
ute is by Dif-
trefs.
The Want
of Power to
maintain fuch
Action is not
Matter of
Abatement.

### Ruddock *verf.* Gordon.

RUDDOCK was a Collector of Taxes in the Town of Bofton, and brought his Action, which was Trefpafs upon the Cafe, for the Defendant's Tax, upon a general *Indebitatus Affumpfit.*

There were three Exceptions to the Writ, and Pleas in Abatement. Firft, to the Loofenefs of the Account, which was only in general for Tax for the Year 1761; and 'twas faid that the Account was Part of the Declaration, and that the Action would not be a Bar to another which might be brought hereafter for each Tax in particular. Secondly, that the Collector has no Right or Authority to bring fuch Actions, the Law having pointed out another Way, viz., by Diftrefs. Thirdly, that if any Action lay at all, it fhould be Debt, and not Cafe. (1)

It

---

(1) The Rev. Sts. c. 8, § 15, provide that in certain cafes the collector "may maintain an action of debt or affumpfit." And by the St. of 1859, c. 171, the right of action is extended to all cafes of a neglect to pay for the fpace of one year after the tax has been committed to the collector. Gen. Sts. c. 12, § 19.

It was anfwered to the firft, that in the Town of Bofton all the Taxes were made up together, and that Tax was a Noun colle&ive, including all, and would be a Bar; that as for the Colle&or's Right of bringing this A&ion, that ought to be confidered upon the Merits and not in Abatement; and as for its being Debt, it is merely a Matter *in Pais.*

*The Court ruled* unanimoufly, that the Obje&ion to the Colle&or's Power is not Matter of Abatement, but to be try'd upon the Merits. (2) But the Opinion of *the Court* being afked by both Parties upon that Point, *the Court* were of Opinion that they had no fuch Power, and that this A&ion can't be fupported. (3)

*1763.*

RUDDOCK
*v.*
GORDON.

(2) The general principle has fometimes been ftated to be, that a perpetual difability in the plaintiff is to be pleaded in bar, but if only temporary, then in abatement. 5 Dane Ab. 693. But this rule has many exceptions; and it feems to be now fettled that a perpetual difability, which forever deftroys the plaintiff's right of a&ion, is pleadable either in abatement or bar, (*Langdon* v. *Potter*, 11 Mafs. 313,) the rule that a plea in abatement muft give a better writ having fo many exceptions that it can hardly be called a general rule of law. 6 Pick. 369.

